UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE CARDACI,

                                        Plaintiff,

                vs.

VAN ECK ASSOCIATES CORPORATION AND
JAN VAN ECK,

                                        Defendants.

Index No. 18-cv-9705-RA

**ANSWER**

        Defendants Van Eck Associates Corporation ("VanEck") and Jan van Eck ("Mr. van Eck") for their answer:

        1.      Deny the allegations in paragraph 1 of the Complaint, except state that plaintiff Catherine Cardaci ("Ms. Cardaci") is a female, was employed by VanEck starting in November 2014 as its Chief Marketing Officer, and that she had previously worked in marketing.

        2.      Deny the allegations of paragraph 2 of the Complaint, except state that Mr. van Eck is VanEck's Chief Executive Officer.

        3.      Deny the allegations of paragraph 3 of the Complaint.

        4.      Deny the allegations of paragraph 4 of the Complaint.

        5.      Deny the allegations of paragraph 5 of the Complaint.

        6.      Deny the allegations of paragraph 6 of the Complaint.

        7.      Deny the allegations of paragraph 7 of the Complaint, except state that Ms. Cardaci purports to bring this action under the statutes cited therein.

8.      Admit on information and belief that Ms. Cardaci resides in New York, and further state that Ms. Cardaci is a female and worked in marketing.

9.      Deny the allegations of paragraph 9 of the Complaint, except state that Ms. Cardaci was employed from November 2014 until September 18, 2018.

10.     Admit the allegations of paragraph 10 of the Complaint.

11.     Deny the allegations of paragraph 11 of the Complaint, except state that Mr. van Eck is a member of the Board of Directors of VanEck and the CEO of VanEck.

12.     Admit the allegations of paragraph 12 of the Complaint.

13.     Admit the allegations of paragraph 13 of the Complaint.

14.     Deny the allegations of paragraph 14 of the Complaint.

15.     Deny the allegations of paragraph 15 of the Complaint.

16.     Deny the allegations of paragraph 16 of the Complaint, except state that Ms. Cardaci purports to base jurisdiction on the statutes cited therein.

17.     Deny the allegations of paragraph 17 of the Complaint, except state that Ms. Cardaci purports to base supplemental jurisdiction on the statutes cited therein.

18.     Deny the allegations of paragraph 18 of the Complaint, except state that Ms. Cardaci purports to lay venue in this District pursuant to the statute set forth therein.

19.     Deny knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint.

20.     Deny the allegations of paragraph 20 of the Complaint, except state that Ms. Cardaci is a female who has worked in marketing, and further state, on information and belief, that Ms. Cardaci is 57 years old.

21.     Deny the allegations of paragraph 21 of the Complaint, except state, on information and belief, that Ms. Cardaci has worked in marketing and/or communications positions at the companies listed therein.

22.     Admit the allegations of paragraph 22 of the Complaint.

23.     Admit the allegations of paragraph 23 of the Complaint, except state that Ms. Cardaci reported to Mr. van Eck who is a member of the Board of Directors of VanEck and the CEO of VanEck.

24.     Admit the allegations of paragraph 24 of the Complaint.

25.     Admit the allegations of paragraph 25 of the Complaint.

26.     Admit the allegations of paragraph 26 of the Complaint.

27.     Deny the allegations of paragraph 27 of the Complaint, except state that Mr. van Eck has worked at VanEck since in or about 1992 and is a member of the Board of Directors of VanEck and the CEO of VanEck.

28.     Deny the allegations of paragraph 28 of the Complaint.

29.     Deny the allegations of paragraph 29 of the Complaint, except admit the last two sentences of paragraph 29.

30.     Deny the allegations of paragraph 30 of the Complaint.

31.     Deny on information or belief the allegations in paragraph 31 of the Complaint.

32.     Deny on information and belief the allegations of paragraph 32 of the Complaint.

33.     Deny on information and belief the allegations of paragraph 33 of the Complaint.

34.     Deny on information and belief the allegations of paragraph 34 of the Complaint.

35.     Deny on information and belief the allegations of paragraph 35 of the Complaint.

36.     Deny on information and belief the allegations of paragraph 36 of the Complaint.

37.     Deny the allegations of paragraph 37 of the Complaint.

38.     Deny on information and belief the allegations of paragraph 38 of the Complaint.

39.     Deny the allegations of paragraph 39 of the Complaint, except state that Mr. Smith is a member of the Board of Directors of VanEck.

40.     Deny the allegations of paragraph 40 of the Complaint, except state on information and belief that Ms. Cardaci met with Mr. Smith on or about February 3, 2015 to discuss active marketing staffing.

41.     Deny the allegations of paragraph 41 of the Complaint.

42.     Deny the allegations of paragraph 42 of the Complaint.

43.     Deny the allegations of paragraph 43 of the Complaint.

44.     Deny the allegations of paragraph 44 of the Complaint.

45.     Deny the allegations of paragraph 45 of the Complaint.

46.     Deny on information and belief the allegations of paragraph 46 of the Complaint.

47.     Deny knowledge or information sufficient to form a belief about Ms. Cardaci's alleged understanding, and otherwise deny the allegations of paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief about what Ms. Cardaci allegedly may have been told, and otherwise deny the allegations or paragraph 48 of the Complaint.

49.     Deny the allegations of paragraph 49 of the Complaint.

50.     Deny the allegations of paragraph 50 of the Complaint.

51.     Deny the allegations of paragraph 51 of the Complaint.

52.     Deny the allegations of paragraph 52 of the Complaint, except state that Ms. Cardaci was hired by VanEck in November 2014 as Chief Marketing Officer and had the same general responsibilities as the former Chief Marketing Officer Mr. Hirsch, who retired earlier in 2014.

53.     Deny the allegations of paragraph 53 of the Complaint.

54.     Deny the allegations of paragraph 54 of the Complaint.

55.     Deny the allegations of paragraph 55 of the Complaint.

56.     Deny the allegations of paragraph 56 of the Complaint.

57.     Deny the allegations of paragraph 57 of the Complaint.

58.     Deny the allegations of paragraph 58 of the Complaint.

59.     Deny the allegations of paragraph 59 of the Complaint.

60.     Deny the allegations of paragraph 60 of the Complaint.

61.     Deny the allegations of paragraph 61 of the Complaint.

62.     Deny the allegations of paragraph 62 of the Complaint.

63.     Deny the allegations of paragraph 63 of the Complaint.

64.     Deny the allegations of paragraph 64 of the Complaint.

65.     Deny the allegations of paragraph 65 of the Complaint.

66.     Deny the allegations of paragraph 66 of the Complaint.

67.     Deny the allegations of paragraph 67 of the Complaint.

68.     Deny the allegations of paragraph 68 of the Complaint, except state that

Ms. Cardaci received a performance review in or about February 2018.

69.     Deny the allegations of paragraph 69 of the Complaint.

70.     Deny the allegations of paragraph 70 of the Complaint.

71.     Deny the allegations of paragraph 71 of the Complaint.

72.     Deny the allegations of paragraph 72 of the Complaint.

73.     Deny the allegations of paragraph 73 of the Complaint.

74.     Deny the allegations of paragraph 74 of the Complaint.

75.     Deny the allegations of paragraph 75 of the Complaint.

76.     Deny the allegations of paragraph 76 of the Complaint.

77.     Deny the allegations of paragraph 77 of the Complaint.

78.     Deny the allegations of paragraph 78 of the Complaint.

79.     Deny the allegations of paragraph 79 of the Complaint.

80.     Deny the allegations of paragraph 80 of the Complaint.

81.     Deny on information and belief the allegations of paragraph 81 of the

Complaint.

82.     Deny on information and belief the allegations of paragraph 82 of the

Complaint.

83.     Deny the allegations of paragraph 83 of the Complaint.

84.     Deny the allegations of paragraph 84 of the Complaint.

85.     Deny the allegations of paragraph 85 of the Complaint.

86.     Admit the allegations of paragraph 86 of the Complaint.

87.     Admit on information and belief the allegations of paragraph 87 of the Complaint that Ms. Cardaci received a grand jury subpoena and would be absent from time to time.

88.     Admit on information and belief the allegations in paragraph 88 of the Complaint.

89.     Deny the allegations of paragraph 89 of the Complaint.

90.     Deny the allegations of paragraph 90 of the Complaint.

91.     Deny the allegations of paragraph 91 of the Complaint.

92.     Deny the allegations of paragraph 92 of the Complaint, except state that Mr. van Eck met with Ms. Cardaci and noted her deficiencies in the digital and ETF marketing areas.

93.     Deny the allegations of paragraph 93 of the Complaint.

94.     Deny the allegations of paragraph 94 of the Complaint, except state that Ms. Cardaci received a negative performance review and was further informed of deficiencies later in July and in August 2018.

95.     Deny the allegations of paragraph 95 of the Complaint, except state that Mr. van Eck reviewed Ms. Cardaci's performance.

96.     Deny the allegations of paragraph 96 of the Complaint.

97.     Deny the allegations of paragraph 97 of the Complaint, except state that on August 7, 2018, Ms. Cardaci informed Ms. Rapple and Mr. van Eck that the final expiration date of her extended grand jury service was February 16, 2019.

98.     Deny the allegations of paragraph 98 of the Complaint, except state that on or about July 31, 2018, VanEck decided to terminate Ms. Cardaci's employment, and on August 16, 2018, Ms. Cardaci's employment with VanEck was terminated.

99.     Deny the allegations of paragraph 99 of the Complaint, except state that in advising Ms. Cardaci on August 16, 2018 that her employment was terminated and offering her a separation package, which she later declined, Mr. van Eck made statements in substance as set forth therein.

100.    Deny the allegations of paragraph 100 of the Complaint.

101.    Deny the allegations of paragraph 101 of the Complaint.

102.    Deny the allegations of paragraph 102 of the Complaint.

103.    Deny the allegations of paragraph 103 of the Complaint, except state that Ms. Cardaci was offered a separation agreement that she declined to accept.

104.    Deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 104 of the Complaint.

105.    Deny the allegations of paragraph 105 of the Complaint, except state that by letter dated August 30, 2018, Ms. Cardaci's counsel asserted claims against VanEck.

106.    Deny the allegations of paragraph 106 of the Complaint.

107.    State that the allegations of paragraph 107 of the Complaint do not require an affirmative response.

108.    Deny the allegations of paragraph 108 of the Complaint.

109.    Deny the allegations of paragraph 109 of the Complaint.

110.    Deny the allegations of paragraph 110 of the Complaint.

111.    State that the allegations of paragraph 111 of the Complaint do not require an affirmative response.

112.    Deny the allegations of paragraph 112 of the Complaint.

113.    Deny the allegations of paragraph 113 of the Complaint.

114.    Deny the allegations of paragraph 114 of the Complaint.

115.    State that the allegations of paragraph 115 of the Complaint do not require an affirmative response.

116.    Deny the allegations of paragraph 116 of the Complaint.

117.    Deny the allegations of paragraph 117 of the Complaint.

118.    Deny the allegations of paragraph 118 of the Complaint.

119.    State that the allegations of paragraph 119 of the Complaint do not require an affirmative response.

120.    Deny the allegations of paragraph 120 of the Complaint.

121.    Deny the allegations of paragraph 121 of the Complaint.

122.    Deny the allegations of paragraph 122 of the Complaint.

123.    State that the allegations of paragraph 123 of the Complaint do not require an affirmative response.

124.    Deny the allegations of paragraph 124 of the Complaint.

125.    Deny the allegations of paragraph 125 of the Complaint.

126.    State that the allegations of paragraph 126 of the Complaint do not require an affirmative response.

127.    Deny the allegations of paragraph 127 of the Complaint.

128.    Deny the allegations of paragraph 128 of the Complaint.

129.    State that the allegations of paragraph 129 of the Complaint do not require an affirmative response.

130.    Deny the allegations of paragraph 130 of the Complaint.

131.    Deny the allegations of paragraph 131 of the Complaint.

132.    Deny the allegations of paragraph 132 of the Complaint.

133.    State that the allegations of paragraph 133 of the Complaint do not require an affirmative response.

134.    Deny the allegations of paragraph 134 of the Complaint.

135.    Deny the allegations of paragraph 135 of the Complaint.

136.    Deny the allegations of paragraph 136 of the Complaint.

137.    State that the allegations of paragraph 137 of the Complaint do not require an affirmative response.

138.    Deny the allegations of paragraph 138 of the Complaint.

139.    Deny the allegations of paragraph 139 of the Complaint.

**Prayer For Relief**

As to the Prayer For Relief, Defendants deny any liability, in any form or amount.

**Defenses**

As separate defenses to the Complaint, and to each cause of action, claim, and allegation contained therein, Defendants state as follows, without conceding that they bear the burden of proof or persuasion as to any of the following:

## FIRST DEFENSE

Plaintiff was an employee at will whose employment was terminated for legitimate, non-discriminatory and non-retaliatory business reasons.  Plaintiff's employment was terminated, *inter alia*, because her job performance was insufficient, particularly in digital marketing and ETF product marketing, which were primary areas of her responsibility.

## SECOND DEFENSE

Each of Plaintiff's alleged causes of action is barred because, at all relevant times, Defendants' actions regarding Plaintiff were taken in the legitimate exercise of managerial discretion and were based on legitimate, non-discriminatory, and non-retaliatory reasons.

## THIRD DEFENSE

Plaintiff did not receive unequal pay to a male comparator.

## FOURTH DEFENSE

The decision to terminate Plaintiff's employment was made before Defendants learned that Plaintiff's grand jury service was being extended.

## FIFTH DEFENSE

Plaintiff's retaliation claims are barred because Plaintiff did not engage in any protected activity, and no adverse employment action was taken based on any alleged protected activity.

## SIXTH DEFENSE

Plaintiff's retaliation claims are barred because the alleged retaliation was not the "but-for" cause of the termination of her employment.

## SEVENTH DEFENSE

Plaintiff's retaliation claims are barred because there was no causal connection between any alleged protected activity and the termination of Plaintiff's at-will employment, and

also because the legitimate, non-discriminatory and non-retaliatory business reasons for any alleged adverse action were not pretextual or motivated by an impermissible motive.

## EIGHTH DEFENSE

There was no retaliation against Plaintiff and no intention by Defendants to retaliate against Plaintiff.

## NINTH DEFENSE

Plaintiff was informed that her employment with VanEck was terminated on August 16, 2018, prior to any alleged protected activity by Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH DEFENSE

To the extent Plaintiff demonstrates a violation of the Equal Pay Act, which Defendants deny, the applicable statute of limitations is two years, not three years, because any such violation was not willful.

## TWELFTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to mitigate her damages, if any.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver.

## FOURTEENTH DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against each Defendant.

## FIFTEENTH DEFENSE

Plaintiff was employed by VanEck, not Mr. van Eck, and accordingly, Plaintiff has no claim against Mr. van Eck.

## SIXTEENTH DEFENSE

There is no individual liability under the alleged provisions of the Equal Pay Act, the Fair Labor Standards Act, the New York Labor Law, or the Jury System Improvements Act, and accordingly, Plaintiff has no claim against Mr. van Eck.

WHEREFORE, Defendants respectfully request a judgment dismissing each of the claims for relief in all respects and granting such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
      November 30, 2018

SEWARD & KISSEL LLP

By: _M. William Munno_

    M. William Munno
    Anne C. Patin
    Katherine L. Porter
    Paul B. Koepp
One Battery Park Plaza
New York, New York 10004
(212) 574-1587

Attorneys for Defendants

SK 02130 0022 8091146