UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE CARDACI,

Plaintiff,

vs.

VAN ECK ASSOCIATES CORPORATION AND JAN VAN ECK,

Defendants.

18-cv-9705-RA

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Van Eck Associates Corporation ("VanEck") and Jan van Eck ("Mr. van Eck") for their answer to the First Amended Complaint (the "Amended Complaint"):

1. Deny the allegations in paragraph 1 of the Amended Complaint, except state that plaintiff Catherine Cardaci ("Ms. Cardaci") is a female, was employed by VanEck starting in November 2014 as its Chief Marketing Officer, and that she had previously worked in marketing.

2. Deny the allegations of paragraph 2 of the Amended Complaint, except state that Mr. van Eck is VanEck's Chief Executive Officer.

3. Deny the allegations of paragraph 3 of the Amended Complaint.

4. Deny the allegations of paragraph 4 of the Amended Complaint.

5. Deny the allegations of paragraph 5 of the Amended Complaint.

6. Deny the allegations of paragraph 6 of the Amended Complaint.

7. Deny the allegations of paragraph 7 of the Amended Complaint, except state that Ms. Cardaci purports to bring this action under the statutes cited therein.

8. Admit on information and belief the allegations of paragraph 8 of the Amended Complaint that Ms. Cardaci resides in New York, and further state that Ms. Cardaci is a female and worked in marketing.

9. Deny the allegations of paragraph 9 of the Amended Complaint, except state that Ms. Cardaci was employed from November 2014 until September 18, 2018.

10. Admit the allegations of paragraph 10 of the Amended Complaint.

11. Deny the allegations of paragraph 11 of the Amended Complaint, except state that Mr. van Eck is a member of the Board of Directors of VanEck and the CEO of VanEck.

12. Admit the allegations of paragraph 12 of the Amended Complaint.

13. Admit the allegations of paragraph 13 of the Amended Complaint.

14. Deny the allegations of paragraph 14 of the Amended Complaint.

15. Deny the allegations of paragraph 15 of the Amended Complaint.

16. Deny the allegations of paragraph 16 of the Amended Complaint, except state that Ms. Cardaci purports to base jurisdiction on the statutes cited therein.

17. Deny the allegations of paragraph 17 of the Amended Complaint, except state that Ms. Cardaci purports to base supplemental jurisdiction on the statutes cited therein.

18. Deny the allegations of paragraph 18 of the Amended Complaint, except state that Ms. Cardaci purports to lay venue in this District pursuant to the statute set forth therein.

19. Deny knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Amended Complaint.

20. Deny the allegations of paragraph 20 of the Amended Complaint, except state that Ms. Cardaci is a female who has worked in marketing, and further state, on information and belief, that Ms. Cardaci is 57 years old.

21. Deny the allegations of paragraph 21 of the Amended Complaint, except state, on information and belief, that Ms. Cardaci has worked in marketing and/or communications positions at the companies listed therein.

22. Admit the allegations of paragraph 22 of the Amended Complaint.

23. Admit the allegations of paragraph 23 of the Amended Complaint, except state that Ms. Cardaci reported to Mr. van Eck who is a member of the Board of Directors of VanEck and the CEO of VanEck.

24. Admit the allegations of paragraph 24 of the Amended Complaint.

25. Admit the allegations of paragraph 25 of the Amended Complaint.

26. Admit the allegations of paragraph 26 of the Amended Complaint.

27. Deny the allegations of paragraph 27 of the Amended Complaint, except state that Mr. van Eck has worked at VanEck since in or about 1992 and is a member of the Board of Directors of VanEck and the CEO of VanEck.

28. Deny the allegations of paragraph 28 of the Amended Complaint.

29. Deny the allegations of paragraph 29 of the Amended Complaint, except admit the last two sentences of paragraph 29.

30. Deny the allegations of paragraph 30 of the Amended Complaint.

31. Deny on information or belief the allegations in paragraph 31 of the Amended Complaint.

32. Deny on information and belief the allegations of paragraph 32 of the Amended Complaint.

33. Deny on information and belief the allegations of paragraph 33 of the Amended Complaint.

34. Deny on information and belief the allegations of paragraph 34 of the Amended Complaint.

35. Deny on information and belief the allegations of paragraph 35 of the Amended Complaint.

36. Deny on information and belief the allegations of paragraph 36 of the Amended Complaint.

37. Deny the allegations of paragraph 37 of the Amended Complaint.

38. Deny on information and belief the allegations of paragraph 38 of the Amended Complaint.

39. Deny the allegations of paragraph 39 of the Amended Complaint, except state that Mr. Smith is a member of the Board of Directors of VanEck.

40. Deny the allegations of paragraph 40 of the Amended Complaint, except state on information and belief that Ms. Cardaci met with Mr. Smith on or about February 3, 2015 to discuss active marketing staffing.

41. Deny the allegations of paragraph 41 of the Amended Complaint.

42. Deny the allegations of paragraph 42 of the Amended Complaint.

43. Deny the allegations of paragraph 43 of the Amended Complaint.

44. Deny the allegations of paragraph 44 of the Amended Complaint.

45. Deny the allegations of paragraph 45 of the Amended Complaint.

46. Deny on information and belief the allegations of paragraph 46 of the Amended Complaint.

47. Deny knowledge or information sufficient to form a belief about Ms. Cardaci's alleged understanding, and otherwise deny the allegations of paragraph 47 of the Amended Complaint.

48. Deny knowledge or information sufficient to form a belief about what Ms. Cardaci allegedly may have been told, and otherwise deny the allegations or paragraph 48 of the Amended Complaint.

49. Deny the allegations of paragraph 49 of the Amended Complaint.

50. Deny the allegations of paragraph 50 of the Amended Complaint.

51. Deny the allegations of paragraph 51 of the Amended Complaint.

52. Deny the allegations of paragraph 52 of the Amended Complaint, except state that Ms. Cardaci was hired by VanEck in November 2014 as Chief Marketing Officer and had the same general responsibilities as the former Chief Marketing Officer Mr. Hirsch, who retired earlier in 2014.

53. Deny the allegations of paragraph 53 of the Amended Complaint.

54. Deny the allegations of paragraph 54 of the Amended Complaint.

55. Deny the allegations of paragraph 55 of the Amended Complaint.

56. Deny the allegations of paragraph 56 of the Amended Complaint.

57. Deny the allegations of paragraph 57 of the Amended Complaint.

58. Deny the allegations of paragraph 58 of the Amended Complaint.

59. Deny the allegations of paragraph 59 of the Amended Complaint.

60. Deny the allegations of paragraph 60 of the Amended Complaint.

61. Deny the allegations of paragraph 61 of the Amended Complaint.

62. Deny the allegations of paragraph 62 of the Amended Complaint.

63. Deny the allegations of paragraph 63 of the Amended Complaint.

64. Deny the allegations of paragraph 64 of the Amended Complaint.

65. Deny the allegations of paragraph 65 of the Amended Complaint.

66. Deny the allegations of paragraph 66 of the Amended Complaint.

67. Deny the allegations of paragraph 67 of the Amended Complaint.

68. Deny the allegations of paragraph 68 of the Amended Complaint, except state that Ms. Cardaci received a performance review in or about February 2018.

69. Deny the allegations of paragraph 69 of the Amended Complaint.

70. Deny the allegations of paragraph 70 of the Amended Complaint.

71. Deny the allegations of paragraph 71 of the Amended Complaint.

72. Deny the allegations of paragraph 72 of the Amended Complaint.

73. Deny the allegations of paragraph 73 of the Amended Complaint.

74. Deny the allegations of paragraph 74 of the Amended Complaint.

75. Deny the allegations of paragraph 75 of the Amended Complaint.

76. Deny the allegations of paragraph 76 of the Amended Complaint.

77. Deny the allegations of paragraph 77 of the Amended Complaint.

78. Deny the allegations of paragraph 78 of the Amended Complaint.

79. Deny the allegations of paragraph 79 of the Amended Complaint.

80. Deny the allegations of paragraph 80 of the Amended Complaint.

81. Deny on information and belief the allegations of paragraph 81 of the Amended Complaint.

82. Deny on information and belief the allegations of paragraph 82 of the Amended Complaint.

83. Deny the allegations of paragraph 83 of the Amended Complaint.

84. Deny the allegations of paragraph 84 of the Amended Complaint.

85. Deny the allegations of paragraph 85 of the Amended Complaint.

86. Admit the allegations of paragraph 86 of the Amended Complaint.

87. Admit on information and belief the allegations of paragraph 87 of the Amended Complaint that Ms. Cardaci received a grand jury subpoena and would be absent from time to time.

88. Admit on information and belief the allegations in paragraph 88 of the Amended Complaint.

89. Deny the allegations of paragraph 89 of the Amended Complaint.

90. Deny the allegations of paragraph 90 of the Amended Complaint.

91. Deny the allegations of paragraph 91 of the Amended Complaint.

92. Deny the allegations of paragraph 92 of the Amended Complaint, except state that Mr. van Eck met with Ms. Cardaci and noted her deficiencies in the digital and ETF marketing areas.

93. Deny the allegations of paragraph 93 of the Amended Complaint.

94. Deny the allegations of paragraph 94 of the Amended Complaint, except state that Ms. Cardaci received a negative performance review and was further informed of deficiencies later in July and in August 2018.

95. Deny the allegations of paragraph 95 of the Amended Complaint, except state that Mr. van Eck reviewed Ms. Cardaci’s performance.

96. Deny the allegations of paragraph 96 of the Amended Complaint.

97. Deny the allegations of paragraph 97 of the Amended Complaint, except state that on August 7, 2018, Ms. Cardaci informed Ms. Rapple and Mr. van Eck that the final expiration date of her extended grand jury service was February 16, 2019.

98. Deny the allegations of paragraph 98 of the Amended Complaint, except state that on or about July 31, 2018, VanEck decided to terminate Ms. Cardaci's employment, and on August 16, 2018, Ms. Cardaci's employment with VanEck was terminated.

99. Deny the allegations of paragraph 99 of the Amended Complaint, except state that in advising Ms. Cardaci on August 16, 2018 that her employment was terminated and offering her a separation package, which she later declined, Mr. van Eck made statements in substance as set forth therein.

100. Deny the allegations of paragraph 100 of the Amended Complaint.

101. Deny the allegations of paragraph 101 of the Amended Complaint.

102. Deny the allegations of paragraph 102 of the Amended Complaint.

103. Deny the allegations of paragraph 103 of the Amended Complaint, except state that Ms. Cardaci was offered a separation agreement that she declined to accept.

104. Deny knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 104 of the Amended Complaint.

105. Deny the allegations of paragraph 105 of the Amended Complaint, except state that by letter dated August 30, 2018, Ms. Cardaci's counsel asserted claims against VanEck.

106. Deny the allegations of paragraph 106 of the Amended Complaint.

107. State that the allegations of paragraph 107 of the Amended Complaint do not require an affirmative response.

108. Deny the allegations of paragraph 108 of the Amended Complaint.

109. Deny the allegations of paragraph 109 of the Amended Complaint.

110. Deny the allegations of paragraph 110 of the Amended Complaint.

111. State that the allegations of paragraph 111 of the Amended Complaint do not require an affirmative response.

112. Deny the allegations of paragraph 112 of the Amended Complaint.

113. Deny the allegations of paragraph 113 of the Amended Complaint.

114. Deny the allegations of paragraph 114 of the Amended Complaint.

115. State that the allegations of paragraph 115 of the Amended Complaint do not require an affirmative response.

116. Deny the allegations of paragraph 116 of the Amended Complaint.

117. Deny the allegations of paragraph 117 of the Amended Complaint.

118. Deny the allegations of paragraph 118 of the Amended Complaint.

119. State that the allegations of paragraph 119 of the Amended Complaint do not require an affirmative response.

120. Deny the allegations of paragraph 120 of the Amended Complaint.

121. Deny the allegations of paragraph 121 of the Amended Complaint.

122. Deny the allegations of paragraph 122 of the Amended Complaint.

123. State that the allegations of paragraph 123 of the Amended Complaint do not require an affirmative response.

124. Deny the allegations of paragraph 124 of the Amended Complaint.

125. Deny the allegations of paragraph 125 of the Amended Complaint.

126. State that the allegations of paragraph 126 of the Amended Complaint do not require an affirmative response.

127. Deny the allegations of paragraph 127 of the Amended Complaint.

128. Deny the allegations of paragraph 128 of the Amended Complaint.

129. State that the allegations of paragraph 129 of the Amended Complaint do not require an affirmative response.

130. Deny the allegations of paragraph 130 of the Amended Complaint.

131. Deny the allegations of paragraph 131 of the Amended Complaint.

132. Deny the allegations of paragraph 132 of the Amended Complaint.

133. State that the allegations of paragraph 133 of the Amended Complaint do not require an affirmative response.

134. Deny the allegations of paragraph 134 of the Amended Complaint.

135. Deny the allegations of paragraph 135 of the Amended Complaint.

136. Deny the allegations of paragraph 136 of the Amended Complaint.

137. State that the allegations of paragraph 137 of the Amended Complaint do not require an affirmative response.

138. Deny the allegations of paragraph 138 of the Amended Complaint.

139. Deny the allegations of paragraph 139 of the Amended Complaint.

140. State that the allegations of paragraph 140 of the Amended Complaint do not require an affirmative response.

141. Deny the allegations of paragraph 141 of the Amended Complaint.

142. Deny the allegations of paragraph 142 of the Amended Complaint.

143. Deny the allegations of paragraph 143 of the Amended Complaint.

144. State that the allegations of paragraph 144 of the Amended Complaint do not require an affirmative response.

145. Deny the allegations of paragraph 145 of the Amended Complaint.

146. Deny the allegations of paragraph 146 of the Amended Complaint.

147. Deny the allegations of paragraph 147 of the Amended Complaint.

**Prayer For Relief**

As to the Prayer For Relief, Defendants deny any liability, in any form or amount.

**Defenses**

As separate defenses to the Amended Complaint, and to each cause of action, claim, and allegation contained therein, Defendants state as follows, without conceding that they bear the burden of proof or persuasion as to any of the following:

**FIRST DEFENSE**

Plaintiff was an employee at will whose employment was terminated for legitimate, non-discriminatory and non-retaliatory business reasons. Plaintiff's employment was terminated, *inter alia*, because her job performance was insufficient, particularly in digital marketing and ETF product marketing, which were primary areas of her responsibility.

**SECOND DEFENSE**

Each of Plaintiff's alleged causes of action is barred because, at all relevant times, Defendants' actions regarding Plaintiff were taken in the legitimate exercise of managerial discretion and were based on legitimate, non-discriminatory, and non-retaliatory reasons.

**THIRD DEFENSE**

Plaintiff did not receive unequal pay to a male comparator.

## FOURTH DEFENSE

The decision to terminate Plaintiff's employment was made before Defendants learned that Plaintiff's grand jury service was being extended.

## FIFTH DEFENSE

Plaintiff's retaliation claims are barred because Plaintiff did not engage in any protected activity, and no adverse employment action was taken based on any alleged protected activity.

## SIXTH DEFENSE

Plaintiff's retaliation claims are barred because the alleged retaliation was not the "but-for" cause of the termination of her employment.

## SEVENTH DEFENSE

Plaintiff's retaliation claims are barred because there was no causal connection between any alleged protected activity and the termination of Plaintiff's at-will employment, and also because the legitimate, non-discriminatory and non-retaliatory business reasons for any alleged adverse action were not pretextual or motivated by an impermissible motive.

## EIGHTH DEFENSE

There was no retaliation against Plaintiff and no intention by Defendants to retaliate against Plaintiff.

## NINTH DEFENSE

Plaintiff was informed that her employment with VanEck was terminated on August 16, 2018, prior to any alleged protected activity by Plaintiff.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**ELEVENTH DEFENSE**

To the extent Plaintiff demonstrates a violation of the Equal Pay Act, which Defendants deny, the applicable statute of limitations is two years, not three years, because any such violation was not willful.

**TWELFTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff has failed to mitigate her damages, if any.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver.

**FOURTEENTH DEFENSE**

The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted against each Defendant.

**FIFTEENTH DEFENSE**

Plaintiff was employed by VanEck, not Mr. van Eck, and accordingly, Plaintiff has no claim against Mr. van Eck.

**SIXTEENTH DEFENSE**

There is no individual liability under the alleged provisions of the Equal Pay Act, the Fair Labor Standards Act, the New York Labor Law, the Jury System Improvements Act or Title VII, and accordingly, Plaintiff has no claim against Mr. van Eck.

WHEREFORE, Defendants respectfully request a judgment dismissing each of the claims for relief in all respects and granting such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
May 24, 2019

SEWARD & KISSEL LLP

By: /s/

M. William Munno
Anne C. Patin
Katherine L. Porter
Paul B. Koepp
One Battery Park Plaza
New York, New York 10004
(212) 574-1587

Attorneys for Defendants

SK 02130 0022 8231845