MEMO ENDORSED

# VLADECK, RASKIN & CLARK, P.C.

VALDI LICUL
212.403.7311
VLICUL@VLADECK.COM

July 8, 2019

**VIA ECF**

The Honorable Judge Ronnie Abrams
U.S. District Court for the Southern District of New York
40 Foley Square, Courtroom 1506
New York, NY 10007

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/10/19
```

Re: Cardaci v. Van Eck Associates Corp. et al.
Case No. 18 Civ. 09705 (RA)

Dear Judge Abrams:

We represent Plaintiff, Catherine Cardaci, in the above-referenced action against Defendants, Van Eck Associates Corp. ("VanEck") and Jan van Eck. Pursuant to Rule 3 of the Court's Individual Rules, Plaintiff writes respectfully to request an informal discovery conference.

As the Court is aware, this is a discrimination case.[1] Plaintiff was VanEck's Chief Marketing Officer and reported to Jan van Eck, VanEck's Chief Executive Officer. The discovery disputes concern Defendants' Responses and Objections to Plaintiff's First Request for the Production of Documents ("Document Responses").[2] On March 29, 2019, Plaintiff served Plaintiff's First Request for Production of Documents ("Document Requests"). Defendants served the Document Responses on April 29, 2019 and began a rolling production that is continuing. On June 3, 2019, Plaintiff sent Defendants a deficiency letter concerning Defendants' Document Responses and production.[3] By letter dated June 20, 2019, Defendants responded to Plaintiff's deficiency letter.[4] On June 25, 2019, the parties conferred by phone but were unable to resolve several issues raised in Plaintiff's deficiency letter.

First, the parties dispute the general timeframe that should be applied to the Document Requests. The Document Requests instructed that unless a specific request called for production of documents spanning a different timeframe, each request intended production of documents from November 1, 2013 to the present. Defendants object to this instruction and refuse—except for requests concerning Plaintiff's predecessor and hiring—to produce documents outside the period from November 10, 2014 to September 18, 2018, the term of Plaintiff's employment. See Ex. A at 5. Defendants contend that documents beyond this timeframe are irrelevant, but courts routinely find that pre and post-hire materials are relevant for establishing differential treatment and pretext.[5]

---

[1] Recitations of the claims and defenses in this action may be found in the parties' joint pre-conference letter dated March 7, 2019. ECF No. 15.
[2] The Document Responses are attached here as Exhibit A.
[3] Plaintiff's deficiency letter is attached here as Exhibit B.
[4] Defendants' response to Plaintiff's deficiency letter is attached here as Exhibit C.
[5] See Chan v. NYU Downtown Hosp., No. 03 Civ. 3003, 2004 WL 1886009, at *1, *6 (S.D.N.Y. Aug. 23, 2004); Bujnicki v. Am. Paving & Excavating, Inc., No. 99-CV- 0646S, 2004 WL 1071736, at *3 (W.D.N.Y. Feb. 25, 2004); Langenbach v. Wal-Mart Stores, Inc., No. 12-CV-1019, 2013 WL 4431963, at *1 (E.D. Wis. Aug. 14, 2013); Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh, No. 09- 261, 2009

The Honorable Ronnie Abrams
July 8, 2019
Page 2

Second, the parties have a dispute concerning electronic discovery. The Document Requests stated that Plaintiff would provide proposed search terms to aid search for responsive documents. About two weeks after, Plaintiff sent proposed search terms. Defendants have refused to run any of Plaintiff's proposed searches, contending that Defendants ran their own searches in "good faith." See Ex. A at 2. Despite the representations of good faith, Defendants have refused to confirm the search terms they used for their searches or the identities of the custodians searched. In addition, Defendants refuse to confirm which of Plaintiff's proposed searches are not duplicative of those that have already been run by Defendants or to share the number of hits that are produced by any of Plaintiff's proposed searches, including the non-duplicative searches. Defendants' failure to negotiate electronic discovery protocols and to share any information concerning their search protocols is unjustified.[6]

Third, Defendants refuse to produce documents concerning compensation received by VanEck's senior executive and marketing employees, see Defs. Resp. Pl. Doc. Request Nos. 9, 11, 16, 26, 72, 73, contending that compensation received by employees besides Plaintiff's predecessor are irrelevant. Defendants, however, assert that "VanEck's process for compensation applies across the company." See Defs. Resp. Pl. Doc. Request No. 10. Accordingly, documents concerning how VanEck applied its compensation policies to other employees are relevant for establishing discriminatory intent or pretext.[7] Indeed, responsive documents may identify of other potential comparators, a proper object of discovery.[8] Furthermore, "differences in job activities d[o] not [necessarily] destroy comparator status,"[9] particularly given that VanEck relies on a generally applicable policies to justify its compensation decision-making.[10] Finally, these documents may uncover patterns of discrimination, circumstantial evidence bolstering Plaintiff's claims.[11]

Fourth, Defendants refuse to produce documents concerning the performance of VanEck's senior executive and marketing employees and the personnel files of VanEck's senior executive employees.[12] See Defs. Resp. Pl. Doc. Request Nos. 13, 18, 24, 97.[13] Defendants contend that Plaintiff

---

WL 3319820, at *5-6 (W.D. Pa. Oct. 14, 2009); Gaul v. ZEP Mfg. Co., No. 03-2439, 2004 WL 231298, at *2 (E.D. Pa. Feb. 5, 2004); Ladson v. Ulltra E. Parking Corp., 164 F.R.D. 376, 378 (S.D.N.Y. 1996).

[6] See S.E.C. v. Collins & Aikman Corp., 256 F.R.D. 403, 414-15 (S.D.N.Y. 2009); Treppel v. Biovail Corp., 233 F.R.D. 363, 374 (S.D.N.Y. 2006).

[7] See Fontenot v. Safety Council of S.W. Louisiana, No. 2:16-CV-00084, 2017 WL 3442475, at *2-3 (W.D. La. Aug. 9, 2017); Langenbach, 2013 WL 4431963, at *2-3; Storves v. Island Water Assoc., Inc., No. 2:10-CV- 274-FTM-36, 2011 WL 1742003, at *5 (M.D. Fla. May 6, 2011); Greenbaum v. Handelsbanken, 67 F. Supp. 2d 228, 255 (S.D.N.Y. 1999).

[8] See Moll v. Telesector Res. Grp., Inc., 760 F.3d 198, 203-04 (2d Cir. 2014); see also Barella v. Vill. of Freeport, 296 F.R.D. 102, 106 (E.D.N.Y. 2013); Rhoades, 2009 WL 3319820, at *6; Pitrolo v. Cty. of Buncombe, No. 1:06CV199, 2007 WL 1041193, at *2 (W.D.N.C. Apr. 4, 2007).

[9] Bobo v. United Parcel Serv., Inc., 665 F.3d 741, 751 (6th Cir. 2012) (citation omitted)

[10] See Manning v. Gen. Motors, 247 F.R.D. 646, 653 (D. Kan. 2007).

[11] See Forte v. Liquidnet Holdings, Inc., No. 14 Civ. 2185, 2014 WL 12775220, at *3 (S.D.N.Y. Dec. 2, 2014); Knopfel v. Tech Data Corp., 225 F.R.D. 263, 265 (M.D. Fla. 2004); Mitchell v. Fishbein, 227 F.R.D. 239, 249 (S.D.N.Y. 2005); Avillan v. Digital Equip. Corp., No. 91 Civ. 8594, 1994 WL 198771, at *2 (S.D.N.Y. May 17, 1994).

[12] Plaintiff acknowledges that her request for the entire personnel file of other senior executives, see Defs. Resp. Pl. Doc. Request No. 97, may be overbroad and is amendable to narrowing this request to documents concerning performance, hiring, discipline, promotion, compensation, and termination.

[13] Plaintiff did not raise Defendants' response to Document Request No. 18 in her deficiency letter but given the overlap with the other matters in dispute, Plaintiff respectfully requests the Court consider the request.

1029326 v1

The Honorable Ronnie Abrams
July 8, 2019
Page 3

was discharged for poor work performance. See ECF No. 15 at 3-4. Thus, documents concerning the performance of other senior employees reporting to Jan van Eck and the performance and evaluation of other marketing employees is relevant for establishing discriminatory intent and pretext.[14]

Fifth, Defendants refuse to produce documents concerning certain differential treatment of Cardaci compared to other employees.[15] Evidence establishing that Plaintiff was treated less well than other employees supports a showing of discrimination.[16]

Sixth, Defendants refuse to produce documents concerning potential pay discrimination and differential treatment of other VanEck female employees. See Defs. Resp. Pl. Doc. Request Nos. 38-57, 76-77. First, Plaintiff contends that she complained these issues to Human Resources and, thus, these documents would confirm there was a good faith basis for Plaintiff's complaints.[17] Second, evidence of pay discrimination and differential treatment of other VanEck female employees is circumstantial evidence bolstering Plaintiff's claims of discrimination.[18]

Finally, Defendants refuse to produce document concerning the promotion of Plaintiff's successor. See Defs. Resp. to Pl. Doc. Req. No. 98. Documents concerning the rational for promoting Plaintiff's successor may lead to evidence undermining the rationale Defendants extended for firing Plaintiff.[19] Separately, Plaintiff's successor's salary and benefits are relevant for potential damages.[20]

Respectfully submitted,

_____/s/_____
Valdi Licul

> General pretrial in this case has been referred, by separate order, to Magistrate Judge Moses. All discovery disputes should therefore be addressed to Judge Moses.
>
> Hon. Ronnie Abrams
> July 10, 2019

---

[14] See Sasikumar v. Brooklyn Hosp. Ctr., No. 09 CV 5632, 2011 WL 1642585, at *2 (E.D.N.Y. May 2, 2011); Storves, 2011 WL 1742003, at *4-5; Gerstenfield v. Zale Del., Inc., No. 6:05CV1719, 2006 WL 2375055, at *2 (M.D. Fla. Aug. 16, 2006); Gorzynski v. JetBlue Airways Corp., No. 03-CV-0774, 2005 WL 8156622, at *5 (W.D.N.Y. Aug. 4, 2005); Goetz v. Samuel Aaron, Inc., No. 97-CV-6130, 1998 WL 372427, at *8-9 (E.D.N.Y. May 18, 1998).

[15] Specifically, Plaintiff requested documents concerning Jan van Eck's meetings with direct reports. See Defs. Resp. Pl. Doc. Request No. 78. Defendants maintain that they produced documents concerning Jan van Eck's regular meetings, see Ex. C at 8, but Plaintiff's request is broader and seeks documents concerning informal meetings. Plaintiff alleges that Jan van Eck regularly ignored her requests for one-on-meetings, despite meeting with other direct reports. See Am. Compl. ¶ 75, ECF No. 19.

[16] See Peterson v. City Coll. of City Univ. of New York, 160 F.R.D. 22, 24 (S.D.N.Y. 1994); Goyette v. DCA Advert. Inc., 828 F. Supp. 227, 234-35 (S.D.N.Y. 1993).

[17] See Trusz v. UBS Realty Inv'rs LLC, No. 3:09 CV 268, 2009 WL 10689760, at *12 (D. Conn. Dec. 1, 2009).

[18] See Forte, 2014 WL 12775220, at *3; Knopfel, 225 F.R.D. at 265; Mitchell, 227 F.R.D. at 249; Avillan, 1994 WL 198771, at *2.

[19] See Goetz, 1998 WL 372427, at *8-9; Barfoot v. Boeing Co., 184 F.R.D. 642, 644 (N.D. Ala. 1999).

[20] Brooks v. Macy's, Inc., No. 10 Civ. 5304, 2011 WL 1793345, at *2 (S.D.N.Y. May 6, 2011).

1029326 v1